# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>    Defendant. | Civil Action No.<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Richard A. Williamson, on behalf of and as Trustee for At Home Bondholders' Liquidating Trust ("Plaintiff") for its Complaint against Google, Inc. ("Google") alleges as follows:

## PARTIES AND ACCUSED PRODUCTS

1. Plaintiff is a liquidating trust formed under the confirmed plan of reorganization for At Home Corporation in connection with its bankruptcy filing on September 28, 2001, in the United States Bankruptcy Court for the Northern District of California. Plaintiff's address is: Richard A. Williamson, Trustee of At Home Bondholders' Liquidating Trust, c/o Flemming Zulack Williamson Zauderer LLP, One Liberty Plaza, New York, New York 10006-1404.

2. On information and belief, Google is a Delaware corporation, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

3. Defendant Google makes, uses, imports, offers to sell, and sells (and/or has made, used, imported, offered to sell, and sold) in the United States and in this judicial district, Google

AdSense and other products containing the same or similar advertising technology disclosed and claimed in the asserted patents described herein (collectively, the "Accused Products").

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

5. This Court has subject matter jurisdiction pursuant to 38 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Google because Google conducts business in this District, regularly solicits business from, does business with, and derives value from services provided to customers in this District, and has committed, or intends imminently to commit, acts of patent infringement in this District, including by serving advertisements using the Accused Products to and on behalf of users located in Delaware. This court also has personal jurisdiction over Google because Google is incorporated in Delaware.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b) because Google resides in this District and substantial acts of infringement have occurred and continue to occur in this District.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,014,698

8. Plaintiff reincorporates and realleges all above paragraphs as if included herein.

9. On January 11, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,014,698 ("the '698 Patent"), entitled "System Using First Banner Request that Can Not Be Blocked from Reaching a Server for Accurately Counting Displays of Banners on Network Terminals" after a full and fair examination. A true and correct copy of the '698 Patent is attached as Exhibit A. Plaintiff is the owner by assignment of the '698 Patent and holds all rights, title, and interest in and to the '698 Patent.

2

10. Google has knowledge of the '698 Patent by virtue of owning one or more patents that make reference to the '698 Patent in the prosecution history, including, without limitation, U.S. Patent No. 7,840,639. On information and belief, Google reviewed and analyzed the '698 Patent when performing due diligence in connection with its acquisition of those patents that reference the '698 Patent in their prosecution history. Further, on information and belief, Google learned of the '698 Patent through its efforts to research and/or monitor patents in the technology area of the '698 Patent.

11. On information and belief, Google also has knowledge of the '698 Patent as a result of Google's due diligence in connection with Google's acquisition of DoubleClick Inc. as announced around March 2007 and completed around April 2008. Further, Google has knowledge of the '698 Patent from the Complaint in a prior action, filed on February 10, 2014.

12. Google has directly infringed and is still directly infringing (literally and/or under the doctrine of equivalents) at least claim 44 of the '698 Patent by, among other things, making, selling, importing, offering for sale and using the Accused Products that embody the patented invention. For example, without limitation, the Accused Products implement a method causing a first banner request signal to be sent from a client device to a first server requesting that a banner be served to the client device, wherein said first banner request signal cannot be blocked from reaching said first server by either the client device or an intermediary server as a result of previous caching or storing of said banner by the client device or the intermediary server; sending a banner location signal from said first server to the client device, wherein said banner location signal includes location information for a specified banner stored on a second server; and determining if said specified banner is stored on the client device, and if said specified banner is not stored on the client device, causing a second banner request signal to be sent from

the client device to the intermediary server and determining if said specified banner is stored on the intermediary server, wherein if said specified banner is not stored on said intermediary server, causing a third banner request signal to be sent form the intermediary server to said second server requesting that said second server serve said specified banner to the client device.

13. In addition, Google has contributed and continues to contribute to the infringement by its customers of at least claim 17 of the '698 Patent under 35 U.S.C. § 271(c). The Accused Products and code provided by Google on its websites to implement the Accused Products are especially designed or adapted to operate in a manner that infringes the '698 Patent and the Accused Products and provided code include infringing technology that is not a staple article of commerce suitable for substantial noninfringing use.

14. Google has also knowingly induced infringement with intent and continues to induce infringement with intent of at least claim 17 of the '698 Patent literally or under the doctrine of equivalents by, among other things, instructing its customers and providing code for use in websites that facilitate the operation of the Accused Products that practice the patented methods. For example, without limitation, Google provides code, and instructions on its use, to its customers that, among other things, causes a client device to send a banner request signal from the device to a server requesting that a banner be served to the client device, wherein said banner request signal cannot be blocked from reaching said server by either the client device or any intermediary device located topologically between the client device and the server as a result of previous caching or storing of said banner by the client device or said intermediary device. A copy of a webpage from Google's website showing how Google provides the code that practices the patented methods, and instructs customers on its use, is attached as Exhibit C.

15. Despite having knowledge of the '698 Patent, Google has continued to willfully and deliberately infringe the '698 Patent, including, without limitation, by continuing to provide the infringing code and instructing customers on its use.

## **COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,286,045**

16. Plaintiff reincorporates and realleges all above paragraphs as if included herein.

17. On September 4, 2001, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,286,045 ("the '045 Patent"), entitled "Information Storage and Delivery over a Computer Network Using Centralized Intelligence to Monitor and Control the Information Being Delivered." A copy of the '045 Patent is attached as Exhibit B. Plaintiff is the owner by assignment of the '045 Patent and holds all rights, title, and interest in and to the '045 Patent.

18. On information and belief, Google has knowledge of the '045 Patent as a result of Google's due diligence in connection with Google's acquisition of DoubleClick Inc. as announced around March 2007 and completed around April 2008, and through Google's efforts to research and/or monitor patents in the technology area of the '045 Patent. Further, Google has knowledge of the '045 Patent from the Complaint in a prior action, filed on February 10, 2014.

19. Google has directly infringed and is still directly infringing (literally and/or under the doctrine of equivalents) at least claim 1 of the '045 Patent by, among other things, making, selling, importing, offering for sale and using the Accused Products that embody the patented invention. For example, without limitation, the Accused Products implement a method comprising serving a first portion of information to a terminal, wherein said first portion of information contains a reference to a second portion of information; causing a first request signal to be transmitted from the terminal to a primary server requesting a location address for said second portion of information from which said second portion of information can be served to

the terminal, wherein said first request signal includes information intended to prevent said first request signal from being blocked from reaching said primary server by either the terminal or any intermediary device located topologically between the terminal and the primary server as a result of previous caching of said first portion of information or said second portion of information in the terminal or said intermediary device; sending a location signal from the primary server to the terminal providing said location address of said second portion of information; causing a second request signal to be transmitted from the terminal containing said location address of said second portion of information and requesting said second portion of information be served to the terminal; and serving said second portion of information to the terminal.

20. In addition, Google has contributed and continues to contribute to the infringement by its customers of at least claim 49 of the '045 Patent under 35 U.S.C. § 271(c). The Accused Products and code provided by Google to implement the Accused Products are especially designed or adapted to operate in a manner that infringes the '045 Patent literally or under the doctrine of equivalents; and the Accused Products and provided code include infringing technology that is not a staple article of commerce suitable for substantial noninfringing use.

21. Google has also knowingly induced infringement with intent and continues to induce infringement with intent of at least claim 49 of the '045 Patent literally or under the doctrine of equivalents by, among other things, instructing its customers and providing code for use in websites that facilitate the operation of the Accused Products that practice the patented methods. For example, without limitation, Google provides code, and instructions on its use, to its customers that, among other things, causes a client device to send a banner request signal

from the device to a server, wherein the banner request signal includes information intended to prevent the signal from being blocked from reaching said server by either the client device or any intermediary device located topologically between the client device and the server as a result of previous caching or storing of said banner by the client device or said intermediary device.  A copy of a webpage from Google's website showing how Google provides the code that practices the patented methods, and instructs customers on its use, is attached as Exhibit C.

22.    Despite having knowledge of the '045 Patent, Google has continued to willfully and deliberately infringe the '045 Patent, including, without limitation, by continuing to provide the infringing code and instructing customers on its use.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues properly triable by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) A judgment holding Google liable for infringement of both the '698 Patent and the '045 Patent;

(b) A judgment and order requiring Google to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Google's infringement of both the '698 Patent and the '045 Patent;

(c) A judgment finding Google's infringement of both the '698 Patent and the '045 Patent is willful;

(d) A judgment against Google declaring that Plaintiff is entitled to enhanced damages as a result of the knowing, deliberate, and willful nature of Google's infringement of both the '698 Patent and the '045 Patent;

(e) A judgment against Google declaring that this is an exceptional case within the meaning of 35 U.S.C. § 285 as against Google and awarding Plaintiff its reasonable attorneys' fees against Google; and

(f) Any and all such other relief as this Court deems just and proper.

| | |
|---|---|
| DATED: February 19, 2014 | Respectfully submitted, |
| | FARNAN LLP |
| Of Counsel: | |
| | /s/ Brian E. Farnan |
| Garland Stephens | Joseph J. Farnan, Jr. (Bar No. 100245) |
| Justin Constant | Brian E. Farnan (Bar No. 4089) |
| WEIL, GOTSHAL & MANGES LLP | 919 North Market Street, 12th Floor |
| 700 Louisiana Street, Suite 1600 | Wilmington, DE 19801 |
| Houston, Texas 77002 | (302) 777-0300 |
| Tel: (713) 546-5000  Fax: (713) 224-9511 | (302) 777-0301 |
| garland.stephens@weil.com | farnan@farnanlaw.com |
| justin.constant@weil.com | bfarnan@farnanlaw.com |
| | |
| Jared Bobrow | |
| WEIL, GOTSHAL & MANGES LLP | |
| 201 Redwood Shores Parkway | |
| Redwood Shores, California 94065 | |
| Tel: (650) 802-3000 Fax: (650) 802-3100 | |
| jared.bobrow@weil.com | |
| | |
| Richard Slack | |
| WEIL, GOTSHAL & MANGES LLP | |
| 767 Fifth Avenue | |
| New York, NY 10153 | |
| Tel: (212) 310-8000 Fax: (212) 310-8007 | |
| richard.slack@weil.com | *Counsel for Plaintiff Richard A. Williamson, On Behalf Of And As Trustee For At Home Bondholders' Liquidating Trust* |